IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-09-CR-0016-M |
| | § | NO. 3-12-CV-0798-M-BD |
| MARCUS MOTTON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Marcus Motton, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

A federal grand jury indicted defendant on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). After the district court denied a motion to suppress the firearm, the grand jury returned a two-count superseding indictment charging defendant with unlawful possession of a firearm on October 26, 2007 and January 18, 2006. Defendant proceeded to trial and was convicted by a jury on both counts. Punishment was assessed at concurrent terms of 100 months confinement followed by a two-year term of supervised release. His conviction and sentence were affirmed on direct appeal. *United States v. Motton*, 452 Fed.Appx. 502, 2011 WL 6003299 (5th Cir. Nov. 30, 2011). Defendant now seeks post-conviction relief pursuant to 28 U.S.C. § 2255.

II.

In two grounds for relief, defendant contends that he received ineffective assistance of counsel when his attorneys failed to argue at trial and on appeal that his vehicle was stopped without reasonable suspicion.

A.

A brief recitation of the facts is necessary to the disposition of the pending motion. On October 26, 2007, Lancaster Police Officer Michael James Fine observed defendant driving a blue 2003 Cadillac Escalade four-door pickup with an expired inspection sticker. (*See* Gov't Resp. App., Exh. 1, Hrg. Tr. at 4-6). After conducting a traffic stop, Fine learned through a computer check that defendant had two outstanding warrants. Defendant was placed under arrest at the scene. (*Id.*, Exh. 1, Hrg. Tr. at 8-10). Because the passenger in the vehicle did not have a valid driver's license, Fine and another officer, Stacey Kendrick, called for a wrecker and conducted a standard inventory search of the Escalade. (*Id.*, Exh. 1, Hrg. Tr. at 11-13, 35). During that search, Kendrick discovered one pistol inside the console and another handgun located underneath the floor mat behind the driver's seat. (*Id.*, Exh. 1, Hrg. Tr. at 35-36). Upon learning that defendant had multiple prior felony convictions, federal authorities presented an indictment for possession of a firearm by a convicted felon.

Prior to trial, defendant, through his attorney, filed a motion to suppress the firearms on the ground that the search of his vehicle was invalid under *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).[1] The district court denied the motion after an evidentiary hearing,

---

[1] *Gant* holds that a warrantless search of a vehicle incident to an arrest violates the Fourth Amendment unless "the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant*, 129 S.Ct. at 1723.

concluding that even if *Gant* applied retroactively, the officers conducted a lawful inventory search of the vehicle. (*See* Gov't Resp. App., Exh. 1, Hrg. Tr. at 83-85). Defendant was subsequently charged in a two-count superseding indictment with unlawful possession of a firearm on January 18, 2006 and October 26, 2007, and was convicted by a jury on both counts.

B.

Defendant contends that he received ineffective assistance of counsel at trial and on appeal. With respect to the conduct of trial counsel, defendant argues that his attorney should have argued that the initial traffic stop was without reasonable suspicion because he displayed a valid temporary license tag in compliance with Texas motor vehicle law. Defendant maintains that appellate counsel was ineffective for failing to raise the same issue on direct appeal.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the defendant must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990). In order to obtain federal habeas relief, a defendant must affirmatively show how the actions of his attorney deprived him of a fair trial. *See Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

Here, defendant has failed to satisfy either prong of the *Strickland* analysis. Texas law prohibits any person from operating a motor vehicle unless "a current and appropriate inspection sticker is displayed on the vehicle[.]" TEX. TRANSP. CODE ANN. § 548.602(a)(1) (Vernon 1999). A police officer has the authority to stop and temporarily detain a driver who has violated a traffic law. *See Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982). At the suppression hearing, Fine testified that he conducted a traffic stop because defendant's vehicle displayed an expired inspection sticker. (*See* Gov't Resp. App., Exh. 1, Hrg. Tr. at 6). Even if defendant had a valid temporary *license tag*, he was properly stopped for failing to display a valid *inspection sticker*. Counsel was not ineffective for failing to make this meritless argument either at trial or on appeal. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make a meritless objection cannot be grounds for ineffective assistance of counsel); *Coker v. Thaler*, 670 F.Supp.2d 541, 554 (N.D. Tex. 2009), *appeal dism'd*, No. 09-11180 (5th Cir. Jan. 28, 2010) (appellate counsel not ineffective for failing to appeal conviction on grounds that were considered and rejected on collateral review).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 25, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE